## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between ONEIDA J. RUZ, together with her heirs, agents, legal representatives, successors, assigns and attorneys; and THE MEXZICAN GOURMET, LLC, together with its parents, subsidiaries, affiliated corporations and entities, related corporations and entities, owners, shareholders, agents, directors, and officers; MEXZICAN TAQUERIA LLC, together with its parents, subsidiaries, affiliated corporations and entities, related corporations and entities, owners, shareholders, agents, directors, and officers; ZE CARLOS JIMENEZ, together with his heirs, agents, legal representatives, successors, assigns and attorneys; and CLAUDIA A. VARELA, together with her heirs, agents, legal representatives, successors, assigns and attorneys (THE MEXZICAN GOURMET, LLC, MEXZICAN TAQUERIA LLC, ZE CARLOS JIMENEZ, and CLAUDIA A. VARELA are together referred to herein as "THE MEXZICAN GOURMET PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment.** As consideration for the release of any and all claims that ONEIDA J. RUZ has and/or may have against THE MEXZICAN GOURMET PARTIES as of the date of execution of this AGREEMENT, THE MEXZICAN GOURMET PARTIES agree to deliver to Zandro E. Palma, Esq., Zandro E. Palma, PA, 9100 S. Dadeland Blvd., Suite 1500, Miami, FL 33156, the total sum of Eight Thousand and 00/100 Dollars ($8,000.00). From this total sum, Plaintiff shall receive $2,000.00 as full compensation for any alleged unpaid wages, including liquidated damages. Plaintiff's counsel shall receive $5,500.00 in fees, and $500.00 in costs. The total sum of $8,000.00, shall be made in four equal payments of Two Thousand and 00/100 Dollars ($2,000.00) each, as described below:

   a. One check in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00) less no applicable taxes and withholdings, issued to "ZANDRO E. PALMA, PA TRUST ACCOUNT" as payment of damages, liquidated damages, attorney's fees and costs, for which an IRS form 1099 shall issue (Zandro E. Palma, PA Trust Account" shall provide an IRS Form W9 prior to delivery of the payment) on or before November 25, 2016;

   b. One check in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00) less no applicable taxes and withholdings, issued to "ZANDRO E. PALMA, PA TRUST ACCOUNT" as payment of damages, liquidated damages, attorney's fees and costs, for which an IRS form 1099 shall issue on or before December 26, 2016;

ONEIDA J. RUZ _____

THE MEXZICAN GOURMET, LLC _____
MEXZICAN TAQUERIA LLC _____
ZE CARLOS JIMENEZ _____
CLAUDIA A. VARELA _____

1

c. One check in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00) less no applicable taxes and withholdings, issued to "ZANDRO E. PALMA, PA TRUST ACCOUNT" as payment of damages, liquidated damages, attorney's fees and costs, for which an IRS form 1099 shall issue on or before January 25, 2017; and, finally

d. One check in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00) less no applicable taxes and withholdings, issued to "ZANDRO E. PALMA, PA TRUST ACCOUNT" as payment of damages, liquidated damages, attorney's fees and costs, for which an IRS form 1099 shall issue on or before February 23, 2017.

**In the event any of the payments listed in this Paragraph becomes due before the Court has entered an order dismissing this case with prejudice, Plaintiff's counsel shall hold these payments in trust and will not disburse same until such time after the entry of an order dismissing the case with prejudice by the court.**

In the event the Court does not approve the terms of this Settlement Agreement and does not dismiss this case after submission pursuant to Paragraph 4, below, as a result of the allocation of the total consideration between Plaintiff and Plaintiff's Counsel, the total consideration paid by THE MEXZICAN GOURMET PARTIES to Plaintiff and her counsel ($8,000.00) shall remain the same and Plaintiff and her counsel shall promptly cooperate and reallocate the consideration due each of them in a manner that will be approved by the Court.

ONEIDA J. RUZ agrees to indemnify and hold harmless THE MEXZICAN GOURMET PARTIES from and against any and all liability that THE MEXZICAN GOURMET PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. ONEIDA J. RUZ further represents that she and her legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to ONEIDA J. RUZ pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, ONEIDA J. RUZ agrees to indemnify and hold harmless THE MEXZICAN GOURMET PARTIES from and against any and all liability that THE MEXZICAN GOURMET PARTIES may sustain as a result of such claims, liens or subrogated interests.

**2. Non-Admission of Liability.** The Parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, THE MEXZICAN GOURMET PARTIES continue to deny any and all liability to ONEIDA J. RUZ and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE MEXZICAN GOURMET PARTIES.

ONEIDA J. RUZ _[signature]_   THE MEXZICAN GOURMET, LLC _[signature]_
MEXZICAN TAQUERIA LLC _[signature]_
ZE CARLOS JIMENEZ _[signature]_
CLAUDIA A. VARELA _[signature]_

3. **Mutual General Release**. ONEIDA J. RUZ agrees to fully release THE MEXZICAN GOURMET PARTIES from any and all claims that ONEIDA J. RUZ may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which ONEIDA J. RUZ now owns or holds, and to waive any right to recover in any action which may be brought on her behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Miami-Dade County Wage Payment Ordinances;
- Miami-Dade County Employment Ordinances;
- Broward County Wage Payment Ordinances;
- Broward County Employment Ordinances;
- Palm Beach County Wage Payment Ordinances;
- Palm Beach County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to

ONEIDA J. RUZ [signature]

THE MEXZICAN GOURMET, LLC [signature]
MEXZICAN TAQUERIA LLC [signature]
ZE CARLOS JIMENEZ [signature]
CLAUDIA A. VARELA [signature]

ONEIDA J. RUZ's association, employment, or relationship with THE MEXZICAN GOURMET PARTIES

Similarly, THE MEXZICAN GOURMET PARTIES agree to fully release ONEIDA J. RUZ from any and all claims that THE MEXZICAN GOURMET PARTIES may have against ONEIDA J. RUZ from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which THE MEXZICAN GOURMET PARTIES now own or hold, and to waive any right to recover in any action which may be brought on their behalf against ONEIDA J. RUZ.

**4. Voluntary Dismissal of Suit**. The Parties hereto agree that, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall prepare and deliver an order for execution by the Court which dismisses the following action, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Oneida J. Ruz v. Mexzican Taqueria LLC, et al., S.D. Fla. Case No. 1:16-cv-22688-DPG*, with the Court to retain jurisdiction to enforce the terms of the settlement agreement.

**5. Confidentiality**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that ONEIDA J. RUZ shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of ONEIDA J. RUZ's claim from the time the settlement was agreed upon forward. In the event any other person or entity asks ONEIDA J. RUZ about the lawsuit or about any of the disputes relating to ONEIDA J. RUZ's association or employment with THE MEXZICAN GOURMET PARTIES, ONEIDA J. RUZ shall respond only that the matter was amicably resolved and shall provide no further information. Further, ONEIDA J. RUZ agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from THE MEXZICAN GOURMET PARTIES.

THE MEXZICAN GOURMET PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE MEXZICAN GOURMET PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of ONEIDA J. RUZ's claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE MEXZICAN GOURMET PARTIES about the lawsuit or about any of the disputes relating to ONEIDA J. RUZ's association with or employment with THE MEXZICAN GOURMET PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

ONEIDA J. RUZ _[signature]_

THE MEXZICAN GOURMET, LLC _[signature]_
MEXZICAN TAQUERIA LLC _[signature]_
ZE CARLOS JIMENEZ _[signature]_
CLAUDIA A. VARELA _[signature]_

4

This confidentiality requirement does not preclude THE PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to his/her/their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or her assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, ONEIDA J. RUZ shall provide notice to THE MEXZICAN GOURMET PARTIES within three (3) days of such requests, to permit THE MEXZICAN GOURMET PARTIES to assert what rights are available to them.

**6. Non-Disparagement.** ONEIDA J. RUZ agrees not to make any disparaging or negative remarks concerning THE MEXZICAN GOURMET PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE MEXZICAN GOURMET PARTIES agree not to make any disparaging or negative remarks concerning ONEIDA J. RUZ.

**7. Neutral Reference.** In the event THE MEXZICAN GOURMET PARTIES receive a telephonic inquiry concerning ONEIDA J. RUZ's association or employment with THE MEXZICAN GOURMET PARTIES, they shall respond only with a confirmation of ONEIDA J. RUZ's dates of association/employment (if any) and position held by ONEIDA J. RUZ with THE MEXZICAN GOURMET PARTIES. No other information shall be provided.

**8. No Right of Future Employment or Association.** ONEIDA J. RUZ agrees that she declines any employment or association with THE MEXZICAN GOURMET PARTIES and shall not, at any time in the future, seek or accept employment, association, or any relationship with THE MEXZICAN GOURMET PARTIES, whether as an employee or independent contractor, and that any application made by ONEIDA J. RUZ may be rejected without liability to THE MEXZICAN GOURMET PARTIES.

**9. Breach or Violation of Agreement:** It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

In the event of non-payment of the payment indicated above, in Paragraph 1(a)-(d), ONEIDA J. RUZ shall notify THE MEXZICAN GOURMET PARTIES through their counsel, Adi Amit, Esquire, at adi@lubellrosen.com, that payment was due and allow five (5) business days

ONEIDA J. RUZ _[signature]_          THE MEXZICAN GOURMET, LLC _[signature]_
                                      MEXZICAN TAQUERIA LLC _[signature]_
                                      ZE CARLOS JIMENEZ _[signature]_
                                      CLAUDIA A. VARELA _[signature]_

to cure. If payment is still not made after the cure period, ONEIDA J. RUZ shall be entitled to receive a judgment in the amount of settlement less any payments made and an additional amount of $5,000.00.

**10. Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Miami-Dade.

**11. Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

**12. Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

**13. Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

**14. Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

**15. Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

**16. Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

**17. Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document.

ONEIDA J. RUZ _[signature]_

THE MEXZICAN GOURMET, LLC _[signature]_
MEXZICAN TAQUERIA LLC _[signature]_
ZE CARLOS JIMENEZ _[signature]_
CLAUDIA A. VARELA _[signature]_

**18. Legal Advice.** Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

**19. Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for her by an attorney in Spanish and that she fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: 11/12/2016

_[signature]_
ONEIDA J. RUZ

Date: 11/21/16

THE MEXZICAN GOURMET, LLC
By: Claudia A. Varela
Title: Managing Partner

Date: 11/21/16

MEXZICAN TAQUERIA LLC
By: Claudia Varela
Title: Managing Partner

Date: 11/21/16

_[signature]_
ZE CARLOS JIMENEZ

Date: 11/21/16

_[signature]_
CLAUDIA A. VARELA

ONEIDA J. RUZ _[initials]_

THE MEXZICAN GOURMET, LLC _[initials]_
MEXZICAN TAQUERIA LLC _[initials]_
ZE CARLOS JIMENEZ _[initials]_
CLAUDIA A. VARELA _[initials]_

7